**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TIMOTHY M. JOEL,
              Appellant,

       v.

DEPARTMENT OF JUSTICE,
              Agency.

DOCKET NUMBER
SF-0752-16-0058-I-1

DATE: February 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard W. Stevens, Esquire, Washington, D.C., for the appellant.

Chief Employment Law, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to apply under Charges 2 and 4 the correct legal standard for a lack of candor charge, and to supplement the administrative judge's analysis of the appellant's retaliation and race discrimination claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a preference-eligible veteran, was employed as a GS-13 Special Agent with the agency's Federal Bureau of Investigation (FBI). Initial Appeal File (IAF), Tab 1 at 2. On June 18, 2015, the Unit Chief of Adjudication Unit I of the Office of Professional Responsibility (OPR) proposed the appellant's removal following an agency Office of Inspector General (OIG) administrative inquiry into the appellant's alleged conduct towards Y.K., a Korean national the appellant had met through his work on alien smuggling matters with the FBI and whom he aided in obtaining parole to remain in the United States. IAF, Tab 14, Subtab 4e. The proposed removal was based on the following four charges: (1) failure to report—administrative; (2) lack of candor not under oath; (3) unprofessional conduct—off duty; and (4) lack of candor—under oath. *Id*. at 3-5. On September 24, 2015, the OPR Assistant Director issued a decision sustaining the proposed action and immediately removing the appellant from Federal service. *Id*., Subtab 4a.

¶3	The appellant timely filed a Board appeal challenging the agency's removal action.  IAF, Tab 1.  In addition, he raised the following affirmative defenses: discrimination based on race, national origin, ethnicity, sex, and marital status; retaliation for prior protected equal employment opportunity (EEO) activity; due process violation; and harmful procedural error.  IAF, Tabs 1, 85.  Following a hearing, the administrative judge issued an initial decision affirming the agency's action.  IAF, Tab 90, Initial Decision (ID).  The administrative judge found that, because the appellant is a preference-eligible veteran, the Board has jurisdiction over the appeal.  ID at 1.  The administrative judge found that the agency proved its four charges by a preponderance of the evidence and therefore he sustained the agency's charges.  ID at 3-34.  Upon considering the appellant's affirmative defenses, the administrative judge found that the appellant failed to prove that the agency violated his constitutional due process rights or committed harmful procedural error.  ID at 34-39.  In addition, the administrative judge determined that the appellant failed to establish his race, national origin, ethnicity, sex, EEO retaliation, and marital status discrimination claims.  ID at 39-46.  Finally, the administrative judge found that the agency established the nexus requirement and that the penalty of removal was reasonable under the circumstances.  ID at 47-50.

¶4	The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  He raises the following arguments on review:  (1) the administrative judge erred in sustaining the agency's charges; (2) the administrative judge improperly denied his race discrimination and retaliation affirmative defenses;[2] (3) the penalty of removal is excessive; and (4) the administrative judge abused his discretion in denying his motion for a subpoena.  *Id.*  The agency has filed a response to the appellant's petition, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 7-8.

---

[2] Because the appellant does not contest his remaining affirmative defenses, we do not consider them.

The administrative judge correctly sustained the agency's charges.

*Charge 1: Failure to report—administrative*

¶5      In support of this charge, the agency alleged that all FBI employees are required to submit a Roommate Form when they live with a roommate. IAF, Tab 14, Subtab 4e at 4. The agency stated that, despite having lived with Y.K. for several months at a time on various occasions, the appellant had failed to file the required form. *Id*. The notice of proposed removal stated that the appellant's actions violated FBI Offense Code 5.7, which prohibits employees from failing to inform appropriate FBI officials "about an administrative matter which the employee knew, or should have known, was required by FBI or [Department of Justice] regulation or policy to be reported." *Id*. at 3-4.

¶6      Citing to *Colston v. Department of the Army*, 10 M.S.P.R. 158, 160 (1982), the appellant contends that the charge should not be sustained because the agency did not submit the text of the policy requiring the reporting of roommates into the record below. PFR File, Tab 3 at 13. Furthermore, he asserts that the way the regulation was paraphrased by the agency in the decision letter is unintelligible and ambiguous. *Id*. at 13-14. He also contends that his delay in filing the roommate form was due to his misunderstanding of the policy. *Id*. at 14. In particular, he asserts that he waited to file the form after he had "been staying some nights with Y.K." because he understood a roommate situation to be long-term. *Id*. at 14-15. He further argues that the agency improperly charged him with never filing a roommate form, and that the agency's charge should fail because the agency did not provide evidence of 30 days of consecutive cohabitation. *Id*. at 14-15.

¶7      The appellant's arguments do not provide a basis for disturbing the administrative judge's finding that the agency proved its charge. Unlike in *Colston*, where the agency did not submit evidence of the specific procedures that the appellant in that case was charged with violating, the agency in this case

presented sufficient evidence of its reporting policy to meet its burden of proving the charge.[3]  Specifically, in the decision letter, the OPR Assistant Director noted that the "Cohabitant-Roommate Policy" requires that "anyone who has a roommate or cohabitant that the employee is sharing living quarters with for 30 consecutive days or more must report at least 60 days in advance."  IAF, Tab 14, Subtab 4a at 5.

¶8          Moreover, we agree with the administrative judge's finding that the appellant failed to abide by the agency's roommate reporting policy and that accordingly, he violated FBI Offense Code 5.7.  Following a careful review of the testimonial and documentary evidence, the administrative judge found that the agency established by preponderant evidence that the appellant cohabitated or lived with Y.K. for the periods between July 2012 and October 2012, and February 2013 and March 2013.  ID at 6-8.  The administrative judge found that the appellant did not file a "roommate report" with the agency until October 2012, several months after first moving in with Y.K. in July 2012.  ID at 7-9.  The administrative judge considered the appellant's argument that he did not live with Y.K. consecutively during this period and found that, while the

_____

[3] As previously noted, the appellant asserts that the way the regulation was paraphrased by the agency in the decision letter is unintelligible and ambiguous.  PFR File, Tab 3 at 13-14.  To the extent the appellant is alleging that the agency violated his constitutional due process rights by not providing him with a copy of the agency's reporting policy on roommates with the notice of proposed removal, any such argument lacks merit.  Fundamental due process requires that notice of charges against an employee be sufficiently detailed to provide a meaningful opportunity to be heard. *Mason v. Department of the Navy*, 70 M.S.P.R. 584, 586 (1996).  As set forth above, the notice of proposed removal clearly notified the appellant that the agency was charging him with violating its roommate reporting policy.  In addition, the appellant provided a written response in which he defended himself against the charge and alleged that he had, in fact, filed a roommate report.  IAF, Tab 14, Subtab 4d at 2; *see Yinat v. Department of the Army*, 101 M.S.P.R. 328, 333 (2005) (determining that, when an appellant comes forward and refutes a charge made against him, the Board cannot find that he was not given notice of the charge).  Thus, the appellant has not shown that the agency violated his constitutional due process rights by failing to provide him with a copy of its roommate reporting policy.

appellant may have left Y.K.'s apartment at least one night per week, his testimony established that he lived in Y.K.'s apartment throughout these periods while paying her rent.  ID at 9.

¶9        The appellant's alleged misunderstanding of the meaning of "roommate" does not provide grounds for disturbing the administrative judge's decision to sustain the charge.  The appellant does not allege that he was not aware of the agency's roommate reporting policy and we agree with the administrative judge's well-reasoned finding that, as a Special Agent with the FBI, the appellant knew or should have known that he was required to report that he was living with Y.K.  ID at 10; *see Micali v. Department of the Treasury*, 56 M.S.P.R. 127, 131 (1992) (sustaining the appellant's removal based on a charge of failure to report his spouse's income on his Federal tax returns when the appellant had knowledge of the relevant reporting requirement), *aff'd*, 11 F.3d 1070 (Fed. Cir. 1993) (Table).

¶10       The appellant is correct that the agency stated in the notice of proposed removal that he did not file a Roommate Form.  IAF, Tab 14, Subtab 4e at 4.  As previously noted, the administrative judge found that the appellant did file such a form in October 2012.  ID at 8.  However, an agency need only prove the essence of its charge and need not prove every factual specification.  *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).  We find that the agency has established the essence of its charge here.  Based on the foregoing, we find that the administrative judge correctly sustained Charge 1.

*Charge 2: Lack of candor not under oath*

¶11       In support of charge 2, the agency provided the following narrative:

> [y]ou knowingly provided false information when you told a [Department of Homeland Security (DHS)] agent that you did not know where Y.K. was or where she was living.  You knew where she lived, and in fact, she had spent the night at your apartment when you received the call.  You also failed to be fully forthright when you purposely provided an old phone number for Y.K., and concealed the material information that you knew her new number.

IAF, Tab 14, Subtab 4e at 4. The agency stated that the appellant's actions violated FBI Offense Code 2.5, which prohibits an employee from "[k]nowingly providing false information when making a verbal or written statement, not under oath . . . when the employee is questioned about his conduct or the conduct of another person." *Id.*

¶12 In *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330 (2016), the Board clarified the correct legal standard for a lack of candor charge. Relying on Federal Circuit and Board precedent, the Board held that lack of candor requires proof of the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Id.*, ¶ 17. The administrative judge did not apply *Fargnoli* in assessing this charge, and he stated that the allegation in the specification that the appellant knowingly provided false information appears to reflect the elements of a charge other than a lack of candor charge. ID at 11. We therefore modify the initial decision to reflect the proper legal standard under *Fargnoli* for analyzing a lack of candor charge. However, the administrative judge nonetheless made findings regarding the requisite elements of proof. He found that the language of FBI Offense Code 2.5, which was cited within the charge, prohibited employees from knowingly providing false information. *Id.* He then went on to make comprehensive findings and credibility determinations regarding the issue of whether the appellant knowingly provided incomplete information. ID at 13-20. Thus, because the administrative judge made comprehensive credibility determinations and findings regarding this issue, his failure to rely on *Fargnoli* when assessing the agency's charge does not provide a basis for remanding the initial decision. *Cf. Fargnoli*, 123 M.S.P.R. 330, ¶ 18 (remanding for further analysis on the lack of candor charge when the administrative judge made no findings as to whether the appellant knowingly gave incorrect or incomplete information).

¶13 The appellant contends on review that the agency's charge should not be sustained because the DHS agent questioned him about what he *knew*, whereas

the agency charged him under FBI Offense Code 2.5 with providing incorrect information regarding his and Y.K.'s *conduct*. PFR File, Tab 3 at 16-25. The appellant further asserts that FBI Offense Code 2.5 requires that he know that the individual asking him questions is a DHS agent, but that he did not. *Id*. at 25-26.

¶14 The administrative judge considered these arguments below, and found them to be unavailing. He noted that the DHS agent was attempting to serve a subpoena on Y.K., and that she called the appellant to seek information about the whereabouts of Y.K. from the appellant because he had aided in her obtaining parole. ID at 12-13. Because the DHS caller sought information about the movement of Y.K. from the appellant, the DHS agent's questions necessarily sought information about the conduct of both Y.K. and the appellant. *Id*. We agree with this finding. While the DHS agent may have sought information regarding what the appellant knew about Y.K.'s conduct, her questions related to the conduct of Y.K. and the appellant all the same; the appellant's attempts to distinguish knowledge from conduct in an effort to render FBI Offense Code 2.5 inapplicable to the charge are frivolous.

¶15 Furthermore, by applying the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[4] the administrative judge found the appellant's assertion that he did not know that he was being questioned by a DHS agent to lack credibility. ID at 15. In particular, the administrative judge found the appellant's version of events to be inconsistent with his own testimony and

---

[4] In *Hillen*, the Board articulated factors to consider in resolving credibility issues. The Board held that, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

with the record evidence, and to be inherently improbable. ID at 14-15. For example, the administrative judge cited to the transcript of the telephone call between the appellant and the DHS agent, during which the DHS agent stated she was investigating a DHS matter multiple times and during which the appellant discussed at length his actions to obtain parole for Y.K. and his living arrangement with her. ID at 13-14; IAF, Tab 14, Subtab 4m. The administrative judge noted that the appellant's decision to discuss these matters indicated that he was aware that he was communicating with another Government agent about Y.K. ID at 14. The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the appellant has not proffered sufficiently sound reasons to set aside the administrative judge's credibility finding regarding this issue.

¶16    Moreover, the administrative judge found, and the record reflects, that the appellant did not provide the DHS agent with Y.K.'s current phone number when asked. ID at 15; IAF, Tab 14, Subtab 4m. Instead, he stated that he only had an old phone number for her and that he did not know if it still worked. IAF, Tab 14, Subtab 4m at 10. The appellant also denied knowing where Y.K. lived. *Id*. at 6. The administrative judge found that the appellant knowingly concealed or omitted material information when he told the DHS agent that he did not have Y.K.'s current phone number because he testified that he had Y.K.'s new phone number on his phone. ID at 16-17; Hearing Transcript (HT) at 441 (testimony of the appellant). Further, citing to the appellant's testimony that Y.K. had stayed with him the night before, the administrative judge found that the agency proved the factual portion of the specification stating that the appellant knew where Y.K. was living and that Y.K. had spent the night with him. ID at 18; HT at 409 (testimony of the appellant). The administrative judge noted that the appellant

testified that Y.K. was living in a particular apartment complex when not living with the appellant.  ID at 18-19; HT at 409 (testimony of the appellant).  Accordingly, the administrative judge found that the appellant knowingly concealed false information from the DHS agent regarding where Y.K. lived.  ID at 19.

¶17    We discern no basis for disturbing the administrative judge's well-reasoned and supported findings that the appellant knowingly provided false information to the DHS agent, thereby violating FBI Offense Code 2.5.  The agency, therefore, established the requisite elements of proof for its lack of candor charge.  *See Fargnoli*, 123 M.S.P.R. 330, ¶ 17.  Based on the foregoing, we find that the administrative judge properly sustained Charge 2.

*Charge 3: Unprofessional conduct—off duty*

¶18    The agency provided the following narrative in support of charge 3:

> You were admonished several times by the DHS agent not to mention the telephone call or the subpoena to Y.K.  However, you immediately returned to your apartment and informed Y.K. of the call.  You then advised her to depart the United States.  You intentionally attempted to interfere with official government action, both when you told Y.K. about the call and when you told her to return to her home country.  As an FBI agent, your conduct discredits the FBI and seriously calls into question your judgement and character.

IAF, Tab 14, Subtab 4e at 4.  The agency stated that the appellant's actions violated FBI Offense Code 5.21, which prohibits employees from engaging in off-duty conduct that dishonors the FBI or calls into question the character of the employee.  *Id*.

¶19    A charge of unprofessional conduct has no specific elements of proof; it is established by providing that the employee committed the acts alleged in support of the broad label.  *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (noting that a charge of improper conduct has no specific elements of proof).  We agree with the administrative judge's finding that

the appellant engaged in the charged misconduct. As noted by the administrative judge, the record reflects that the DHS agent instructed the appellant to not mention the telephone call or subpoena to Y.K. ID at 21; IAF, Tab 14, Subtab 4m at 21. The appellant testified that, following the call with the DHS agent, he met with Y.K. to explain to her what a subpoena was. HT at 422 (testimony of the appellant). Citing to *Hillen*, the administrative judge found that, to the extent the appellant was alleging that he did not discuss the subpoena matter with Y.K. as alleged, but rather, sought to educate her in general about subpoenas, any such explanation lacked credibility. ID at 23. We discern no basis for disturbing this credibility determination on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (stating that the Board will defer to the credibility findings of the administrative judge and will not grant a petition for review based on a party's mere disagreement with those findings).

¶20 The appellant contends on review that the charge cannot be sustained because it requires proof that he disobeyed a direct order—that of the DHS agent—and that he did not have a duty to obey directives by non-FBI personnel. PFR File, Tab 3 at 27-29. The appellant argues that the charge cannot be sustained unless his conduct was wrongful in some way, which it was not because he had no duty to follow the DHS agent's instructions. *Id*. at 29.

¶21 The appellant's argument does not provide a basis for disturbing the initial decision. Nothing in law or regulation requires an agency to affix a label to a charge of misconduct, and an agency may simply describe actions that constitute misbehavior in narrative form and have its discipline sustained if the efficiency of the service suffers because of the misconduct. *See Canada*, 113 M.S.P.R. 509, ¶ 9. Here, the agency charged the appellant not with violating an order or instruction, but rather with unprofessional conduct. As set forth above, the agency proved that the appellant engaged in the charged misconduct. Moreover, by citing to FBI Offense Code 5.21, the agency alleged that the charged misconduct constituted misbehavior because it dishonored the FBI and called into

question the appellant's judgment and character. We agree with the administrative judge's finding that the agency showed by preponderant evidence that the sustained portions of the specification violated FBI Offense Code 5.21. ID at 25. Accordingly, we find that the administrative judge correctly sustained Charge 3.

*Charge 4: Lack of candor—under oath*

¶22 The agency provided the following narrative in support of this fourth charge:

> During an interview under oath, you told the OIG you had occasional contact with Y.K. from 2009 to 2011, but you concealed the full extent of your contacts with her. Phone and text message records indicated that from 2009 to 2011, you were in frequent contact with Y.K., calling her multiple times per week and exchanging numerous text messages.

> You also failed to be fully forthright when you were questioned about how Y.K. paid her rent and expenses. You asserted her parents sent her money, and you also believed she had a boyfriend who assisted with the expenses. You also stated your only monetary contribution was half the monthly rent for the apartment you shared. However, between 2009 and 2013, you provided Y.K. with regular cash payments from your personal bank account totaling nearly $20,000. Further, Y.K. told OIG investigators that in September 2011, she was unable to work because she was sick, so you had given her some money.

> You knowingly provided false information when you told OIG investigators that you and Y.K. had rented separate apartments after March 2013. However, the two of you continued to live together for three to four months.

IAF, Tab 14, Subtab 4e at 5. The agency stated that the appellant's misconduct violated FBI Offense Code 2.6, which prohibits an employee from "[k]nowingly providing false information in a verbal or written statement made under oath." *Id.*

¶23 The deciding official, however, did not sustain all of the charged misconduct underlying Charge 4 in the proposal notice. IAF, Tab 14, Subtab 4a

at 8 n.5.  Rather, she only sustained the second paragraph of the charge stating that the appellant failed to be fully forthright when questioned about how Y.K. paid her rent and expenses.  *Id*. at 7-8.

¶24     As set forth above, a lack of candor charge requires proof of the following elements:  (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly.  *Fargnoli*, 123 M.S.P.R. 330, ¶ 17.  As with Charge 2, the administrative judge did not apply *Fargnoli* when assessing whether the agency met its burden of proof under the charge.  Therefore, we modify the initial decision to reflect the correct legal standard under *Fargnoli* as to Charge 4.  However, as he did for Charge 2, the administrative judge made comprehensive findings and credibility determinations regarding the elements of proof that comprise a lack of candor charge in sustaining the charge.

¶25     In particular, following a careful review of the documentary and testimonial evidence, the administrative judge found that the appellant concealed or omitted financial information when questioned under oath by the OIG about how Y.K. paid her rent and expenses.  ID at 32.  The administrative judge found that, while the agency failed to adequately explain its calculations regarding its $20,000 total, the appellant already had transferred $29,451 to Y.K. when he was questioned by the OIG on February 28, 2013.  ID at 33-34.  Moreover, the administrative judge found that the appellant failed to be fully forthright by not disclosing these monetary amounts to the OIG.  ID at 34.  In addition, the administrative judge found that the appellant *knowingly* concealed financial information, and that accordingly, the agency established that he violated FBI Offense Code 2.6.  *Id*.

¶26     On review, the appellant appears to argue that the administrative judge improperly found that he knowingly failed to be forthright.  PFR File, Tab 3 at 32-33.  He argues that his answers were correct within the context of the interview, and that he did not understand that the OIG was seeking information on all the funds he had provided Y.K.  *Id*. at 33.

¶27    In finding that the appellant knowingly failed to be forthright in his answers to the OIG, the administrative judge considered the appellant's assertion that his answers to the OIG were based on a misunderstanding. ID at 32-33. Relying on the factors set forth in *Hillen*, including demeanor-based evidence, the administrative judge found the appellant's version of events to be lacking in credibility. ID at 33. The appellant has not provided a sound reason for disturbing these demeanor-based credibility findings on review. *See Haebe*, 288 F.3d at 1301. Thus, we agree with the administrative judge's decision to sustain Charge 4.

The administrative judge properly denied the appellant's race discrimination and retaliation affirmative defenses.

¶28    In analyzing the appellant's race discrimination and retaliation claims, the administrative judge identified the legal standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25. ID at 39-41. When the administrative judge issued the initial decision, he did not have the benefit of the Board's decision in *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24. In *Gardner*, 123 M.S.P.R. 647, ¶ 30, the Board clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence.

¶29    Here, as in *Gardner*, 123 M.S.P.R. 647, ¶ 31, the administrative judge discussed the distinction between direct and circumstantial evidence, but there is no allegation that he disregarded any evidence because it was not direct or circumstantial. Moreover, we find that the administrative judge properly considered the documentary and testimonial evidence as a whole in determining that the appellant failed to establish he was discriminated against because of his Korean heritage or retaliated against for prior protected activity (filing a complaint with the Ombudsman). Specifically, the administrative judge carefully considered whether there was relevant comparator evidence and found that the

appellant presented no evidence that individuals outside of his race and/or individuals who have not contacted the Ombudsman were treated more favorably by the FBI. ID at 42. In addition, he found that there was nothing to suggest the existence of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces of evidence from which an inference of discriminatory intent might be drawn, even when considered with the appellant's unsupported allegations. ID at 45. Moreover, the administrative judge found there was no reason to believe the agency's stated reason for the removal action was pretextual given, inter alia, that all of the agency's charges were sustained. ID at 46. The administrative judge concluded that the appellant failed to establish these affirmative defenses. *Id.*

¶30    The appellant challenges these findings on review, alleging that the administrative judge disregarded evidence of temporal proximity. PFR File, Tab 3 at 37-39. We find the appellant's argument constitutes mere disagreement with the administrative judge's well-supported findings regarding the appellant's race discrimination and retaliation claims, and that his allegation does not provide a basis for disturbing these findings. We therefore affirm the administrative judge's conclusion that the appellant failed to prove these affirmative defenses.[5]

The appellant failed to show that the administrative judge abused his discretion by denying the appellant's motion for a subpoena.

¶31    Administrative judges have broad discretion in regulating discovery, and, absent a showing that the administrative judge abused his discretion, the Board will not find reversible error. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). A party may request a

---

[5] Because we affirm the administrative judge's finding that the appellant failed to meet his initial burden to prove that race or retaliation for EEO activity were motivating factors in the agency's actions, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

subpoena to obtain the testimony of a witness and the Board has the authority to issue a subpoena requiring the witness's attendance.  5 C.F.R. § 1201.81(a).  A subpoena request must "be supported by a showing that the evidence sought is directly material to the issues involved in the appeal."  5 C.F.R. § 1201.81(c).

¶32    The appellant contends on review that the administrative judge abused his discretion by denying his motion to subpoena R.R. for a deposition.  PFR File, Tab 3 at 35-37.  He argues that R.R. was involved in the underlying investigation and in his removal because R.R. sent an email regarding the appellant to the Human Resources Department (HRD), instead of the Security Division.  *Id*. at 36.  He further contends that R.R.'s testimony was relevant to his race discrimination claim because he attacked the appellant's Korean culture.  *Id*. at 35.

¶33    Following a careful review of the evidence, the administrative judge found that the appellant failed to meet his burden under 5 C.F.R. § 1201.81(c).  IAF, Tab 39 at 3-4.  The administrative judge considered the appellant's argument that R.R. may have initiated the underlying investigation because he told the appellant that this case was being referred to HRD instead of to the Security Division.  *Id*. at 3.  The administrative judge further considered R.R.'s proffered testimony as it referred to the appellant's affirmative defenses, and found it to not be directly material.  *Id*.  We agree with the administrative judge's conclusion that the appellant failed to meet the standard under 5 C.F.R. § 1201.81(c); thus, we find that the appellant has failed to show that the administrative judge abused his discretion in denying the motion to subpoena R.R.

The administrative judge correctly found that the agency established the nexus requirement and that the penalty of removal was reasonable under the circumstances.

¶34    The nexus requirement, for purposes of determining whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or

some other legitimate Government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). The Board has found that there is a sufficient nexus between an employee's misconduct and the efficiency of the service when the sustained misconduct concerned an employee's lack of candor during an administrative inquiry. *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 28 (2000), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002). Likewise, our reviewing court and the Board have found that a sufficient nexus exists when certain types of unprofessional off-duty conduct undermine the necessary trust and confidence in the agency's mission. *Brown v. Department of the Navy*, 229 F.3d 1356 (Fed. Cir. 2000) (affirming the Board's determination that the agency established a nexus between the appellant's misconduct of having an adulterous affair with the wife of a Marine while he was deployed overseas, given the appellant's managerial position in an office responsible for providing support to Marine families, including families of Marines deployed overseas; the appellant's misconduct undermined the necessary trust and confidence of the agency's mission, especially given that the wife of a deployed Marine was a member of a unit that the appellant was directly responsible for supporting; the court further agreed that removal was warranted under the circumstances). We therefore find that the agency has met the nexus requirement here.

¶35    When, as here, the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness.[6] *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. In determining whether the selected penalty

---

[6] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Portner*, 119 M.S.P.R. 365, ¶ 10. The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*. However, if the deciding official failed to appropriately consider the relevant factors, the Board need not defer to the agency's penalty determination. *Id*.

¶36 The appellant contends on review that the penalty of removal is excessive. PFR File, Tab 3 at 34. He alleges that, contrary to the administrative judge's finding, he disclosed that he was sharing a space with Y.K. *Id*. He also asserts that the penalty is inconsistent with the agency's table of penalties. *Id*.

¶37 The appellant's arguments do not provide a basis for disturbing the administrative judge's finding that the deciding official considered all of the relevant *Douglas* factors and exercised management discretion within tolerable limits of reasonableness. In upholding the proposed penalty, the deciding official considered the nature and seriousness of the misconduct and its relationship to the appellant's position as an FBI agent. IAF, Tab 14, Subtab 4a; *see Gaines v. Department of the Air Force*, 94 M.S.P.R. 527, ¶ 9 (2003) (holding that in evaluating a penalty, the Board will consider, first and foremost, the nature and seriousness of the misconduct and its relationship to the employee's duties, position, and responsibilities). Law enforcement officers, like the appellant, are held to a higher standard of honesty and integrity. *Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 36 (2011). The deciding official recognized that the appellant acknowledged during his oral response that he was at fault for not filing a roommate report in a timely manner, but determined that, despite the appellant's acceptance of responsibility, the fact remains that he continued to act in an obstructive manner during the OIG investigation. IAF, Tab 14, Subtab 4a at 9 n.6. She further determined that the penalty imposed was consistent with corresponding agency offense codes. *Id*. at 8. She also considered mitigating

factors, such as the appellant's successful ratings, service with the FBI, and the stress he was under due to separation from family, but found these factors to be outweighed by the seriousness of the sustained misconduct. HT at 227-29, 234 (testimony of the deciding official). In light of the above, we find that the penalty of removal is reasonable under the circumstances of this case. *See Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (finding that the removal penalty was reasonable when the appellant demonstrated lack of candor and inappropriate conduct); *Dunn v. Department of the Air Force*, 96 M.S.P.R. 166, ¶¶ 2, 12-18 (2004) (determining that removal was reasonable when the employee engaged in conduct unbecoming and exhibited a lack of candor), *aff'd*, 139 F. App'x 280 (Fed. Cir. 2005).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.